IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICK TYRONE ROBINSON,

                Plaintiff,

v.

LON BECHER,

                Defendant.[1]

OPINION & ORDER

18-cv-107-jdp

---

Pro se plaintiff and prisoner Rick Tyrone Robinson is proceeding on a claim that defendant Lon Becher, a member of the staff in the health services unit at the Columbia Correctional Institution, violated Robinson's Eighth Amendment right to medical care by depriving him of his asthma medication for several days. Now Robinson has filed two documents: (1) a motion in which he asks for a default judgment and appointment of counsel, Dkt. 16; and (2) a document that he titles "summary judgment" in which he asks the court to "process on a claim [against] Becher to provide Robinson asthma medication," Dkt. 17. I will address each request in turn.

First, I will deny Robinson's request for a default judgment. Robinson says that Becher failed to file a timely answer, but that is incorrect. In the order screening Robinson's complaint, I gave Becher 60 days from the date of the order (April 3, 2018) to file her answer. Becher complied with that deadline by filing her answer on May 29, 2018. Dkt. 15.

Second, I will also deny Robinson's request for appointment of counsel. A pro se litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir.

---

[1] I have amended the caption to reflect Becher's full name, as identified in the acceptance of service form. Dkt. 9.

2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet several requirements. *Santiago v. Walls*, 599 F.3d 749, 760 61 (7th Cir. 2010). First, he must show that he is unable to afford to hire his own lawyer. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Second, he must show that he made reasonable efforts on his own to find a lawyer to represent him. *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). Finally, he must show that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt*, 503 F.3d at 654 55 (7th Cir. 2007).

Robinson has met the first requirement because he is proceeding *in forma pauperis*, but he hasn't met the other two. As to the second requirement, the court generally requires the prisoner to show that he asked at least three lawyers to represent him, but all of them said no. Robinson does not say that he asked any lawyers to represent him before filing his motion.

Robinson has also failed to show that the case is too difficult for him to litigate on his own. Because the case is still in its early stages, it is simply too soon to tell whether Robinson will need a lawyer to help him litigate. At the preliminary pretrial telephone conference scheduled for July 17, 2018, Magistrate Judge Stephen Crocker will explain some of the court's procedures and provide an overview of the discovery process. If Robinson has additional questions about court procedure, he may ask them then. But for now, I am not persuaded that Robinson requires court assistance in recruiting counsel, so I will deny his motion. If it become clear later in the case that the case is too difficult for Robinson, he may renew his motion then, so long as he first makes reasonable efforts to find counsel on his own.

The purpose of the other document Robinson filed is not clear. It says "summary judgment" on the top, suggesting that Robinson is asking the court to enter summary judgment in his favor. But if that is what Robinson is asking, I will deny the request. The one-page document is essentially a restatement of his complaint. But a party moving for summary judgment must support his motion with *evidence* not just allegations, Fed. R. Civ. P. 56, and he must comply with this court's procedures, which require the party to file proposed findings of fact, among other things. Again, these are things that Magistrate Judge Crocker will explain to Robinson at the preliminary pretrial conference.

ORDER

IT IS ORDERED that Rick Tyrone Robinson's motions for default judgment, assistance in recruiting counsel, and summary judgment, Dkt. 16 and Dkt. 17, are DENIED.

Entered June 22, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge