IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICK TYRONE ROBINSON,

                Plaintiff,

v.

LON BECHER,

                Defendant.[1]

OPINION & ORDER

18-cv-107-jdp

---

Pro se plaintiff and prisoner Rick Tyrone Robinson moves for reconsideration of the order denying his motion for a default judgment. Dkt. 23. Robinson asked for default on the ground that defendant Lon Becher failed to file his answer within the deadline set by the court. I denied that motion on the ground that Becher's answer was timely; Becher had 60 days from the date of the screening order (April 3, 2018) to file her answer and she complied with that deadline by filing her answer on May 29.

Now Robinson moves for reconsideration on the ground that Becher's deadline was actually 40 days. He attaches a copy of the screening order, which shows a 40-day deadline. Dkt. 23-1. But Robinson's copy of the order includes a typographical error. The screening order also includes a reference to the memorandum of understanding between this court and the Wisconsin Department of Justice. Under that memorandum, the department has 60 days to file an answer when it accepts service on behalf of employees of the Wisconsin Department of Corrections. The agreement helps both plaintiffs and defendants by streamlining the service process and avoiding the need for the plaintiff to serve that defendant personally. I have

---

[1] I have amended the caption to reflect Becher's full name, as identified in the acceptance of service form. Dkt. 9.

attached a copy of the memorandum for Robinson's review. Robinson's answer was timely under the deadline established by the memorandum.

Even if Becher had missed her deadline for filing an answer, I would deny Robinson's motion for a default judgment. The Court of Appeals for the Seventh Circuit has a "well established policy" for "favoring a trial on the merits over a default judgment." *Sun v. Board of Trustees of University of Ilinois*, 473 F.3d 799, 811–12 (7th Cir. 2007). For this reason, a court may enter a default judgment "only when a party wilfully disregards pending litigation." *Id.* In this case, there is no indication that Becher is willfully disregarding this case. Particularly because Robinson has not identified any prejudice that he has suffered as the result of any delay by Becher, I will deny his motion for reconsideration.

ORDER

IT IS ORDERED that plaintiff Rick Tyrone Robinson's motion for reconsideration, Dkt. 23, is DENIED.

Entered July 25, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge

MEMORANDUM OF UNDERSTANDING

This Memorandum of Understanding between the United States District Court for the Western District of Wisconsin and the Wisconsin Department of Justice memorializes an agreed procedure by which the Wisconsin Department of Justice will seek authority to admit service of process on behalf of respondents in litigation commenced pro se by persons in the custody of the State of Wisconsin.

1. <u>Notice</u>. The District Court will send a Notice of Electronic Filing to the Department of Justice as follows:

    a. When granting leave to proceed on a 42 U.S.C. § 1983 complaint, the District Court will notify the Civil Litigation Unit.

    b. When issuing an order to show cause on a 28 U.S.C. § 2254 habeas corpus petition, the District Court will notify the Criminal Appeals Unit Director and lead secretary.

2. <u>Service</u>. The Department of Justice will seek authority from the named respondents to accept service of process on their behalf. The Department of Justice will inform the District Court within 15 calendar days from the date of the Notice of Electronic Filing of the names of respondents on whose behalf the Department of Justice will accept service of process. The Department of Justice will also inform the District Court of the names of respondents on whose behalf the Department of Justice will not accept service of process, the reason for not accepting service, and those parties' last known addresses.

3. <u>Response Deadlines</u>.

    a. The Department of Justice has 60 calendar days from the date of the Notice of Electronic Filing to answer or otherwise plead to the civil complaint.

    b. The District Court will set a response deadline for a habeas corpus petition in the order to show cause.

For the Department of Justice

*David V. Meany* (signature)

David V. Meany
Assistant Attorney General
Administrator, Division of Legal Services


For the United States District Court
Western District of Wisconsin

*Peter Oppeneer* (signature)    9-18-17

Peter Oppeneer
Clerk of Court