IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICK TYRONE ROBINSON,

        Plaintiff,

  v.

LON BECHER,

        Defendant.

ORDER

18-cv-107-jdp
Appeal No. 18-3035

---

RICK TYRONE ROBINSON,

        Plaintiff,

  v.

LINDSEY WALKER,

        Defendant.

ORDER

18-cv-322-jdp
Appeal No. 18-3036

---

Plaintiff Rick Tyrone Robinson, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, is proceeding in these cases on claims involving violations of the Eighth Amendment. On July 9, 2018, and August 29, 2018, I entered orders denying Robinson's motions for default judgment. Dkt. 26, No. 18-cv-107-jdp and Dkt. 15, No. 18-cv-322-jdp. Robinson has now filed notices of appeal from those orders. Dkt. 30, No. 18-cv-107-jdp and Dkt. 16, No. 18-cv-107-bbc. Robinson requests leave to proceed *in forma pauperis* on appeal and has submitted a trust fund account statement in support of his request.

The first obstacle Robinson faces is that the court's July 9 and August 29 orders are not final orders, and a party may appeal a non-final decision only in certain situations. Specifically, a district court may not certify a nonfinal order for an interlocutory appeal unless: (1) "there is substantial ground for difference of opinion" as to the correctness of the order being

appealed; and (2) an immediate appeal "may materially advance the ultimate termination of the litigation."

In this case, neither requirement is satisfied. Robinson's only ground for seeking a default judgment was that defendants filed an answer after the deadline for doing so. But, as explained in previous orders, defendants actually filed timely answers. And even if defendants' answers *were* untimely, Robinson did not even attempt to show that he was prejudiced by the delay or that defendants were "willfully disregard[ing]" their obligations, which is the standard for entering a default judgment. *Sun v. Board of Trustees of Univ. of Ill.*, 473 F.3d 799, 811–12 (7th Cir. 2007). At most, Robinson showed that there may have been confusion regarding what the deadline was.

Robinson also has not shown that an immediate appeal will materially advance the ultimate termination of this litigation. If anything, an appeal will serve only to delay the cases. Therefore, I will not certify that Robinson may take an interlocutory appeal from the July 9 and August 29 orders.

For similar reasons, I will deny Robinson's request to proceed *in forma pauperis* on appeal. A district court has the authority to deny such a request for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence; the appeal is in bad faith; or the litigant is a prisoner and has three strikes. 28 U.S.C. § 1915(a)(1), (a)(3) and (g). *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998). In this case, Robinson's appeal is not taken in good faith because he is appealing a nonfinal order without any legal basis for doing so.

Because the court is certifying Robinson's appeal as not taken in good faith, he cannot proceed with his appeals without prepaying the $505 filing fee for each appeal, unless the court of appeals gives his permission to do so. Under Federal Rule of Appellate Procedure 24, Robinson has 30 days from the date of this order in which to ask the court of appeals to review the denial of leave to proceed *in forma pauperis* on appeal. With such a motion, he would need to include an affidavit as described in the first paragraph of Rule 24(a), with a statement of the issues that he intends to argue on appeal. Also, he must send along a copy of this order.

If Robinson does wish to ask the court of appeals to proceed *in forma pauperis* on appeal, he should be aware that he must file the documents described above along with the notices of appeal he has filed previously. If he does not file a motion requesting review of this order, the court of appeals may choose not to address the denial of leave to proceed *in forma pauperis* at all. Instead, the court of appeals may require him to pay the entire $505 filing fees before it considers his appeals. If his fees are not waived and he does not pay the fees within the deadline set, it is possible that the court of appeals will dismiss the appeals.

ORDER

IT IS ORDERED that:

1. Plaintiff Rick Tyrone Robinson's request for the court to certify that interlocutory appeals may be taken from the July 9, 2018 and August 29, 2018 orders in these cases are DENIED.

2. The court CERTIFIES that Robinson's appeals are not taken in good faith for purposes of Fed. R. App. P. 24(a)(3) and DENIES his request for leave to proceed *in forma pauperis* in these cases.

3. Although this court has certified that Robinson's appeals are not taken in good faith under Fed. R. App. P. 24(a)(3), Robinson is advised that he may challenge

this finding pursuant to Fed. R. App. P. 24(a)(5) by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Seventh Circuit, within thirty (30) days of the date of this order. With that motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), along with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Robinson should be aware that he must file these documents in addition to the notice of appeal he has filed previously.

Entered October 9, 2018.

                        BY THE COURT:

                        /s/

                        JAMES D. PETERSON
                        District Judge