IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICK TYRONE ROBINSON,

                Plaintiff,

v.

LON BECHER,

                Defendant.

OPINION and ORDER

18-cv-107-jdp

---

Pro se plaintiff and prisoner Rick Tyrone Robinson is proceeding on a claim that defendant Lon Becher, the health services nursing coordinator for the Bureau of Health Services, violated Robinson's Eighth Amendment right to medical care by depriving him of his asthma medication for several days in September 2017. Both sides have filed motions for summary judgment, Dkt. 48 and Dkt. 54, and both motions are ready for review.

I will grant Becher's motion and deny Robinson's. It is undisputed that Becher's only involvement in the events related to this case was to assist in the investigation of Robinson's administrative grievance, which Robinson filed in November 2017. Dkt. 50, ¶¶ 11–22. Becher had nothing to do with prescribing or distributing Robinson's medication and he had no knowledge at the time that Becher didn't have his medication. *Id.* Because Becher wasn't personally involved in the alleged violation of Robinson's Eighth Amendment rights, Becher is entitled to summary judgment. *See George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007) (prison staff who learned of alleged violation after it occurred can't be held liable).

Robinson raises three issues in his briefs, but none have merit. First, he says that he is entitled to summary judgment because Becher didn't respond to Robinson's motion for summary judgment. But I didn't require Becher to file a response because it was clear that

Robinson wasn't entitled to relief. He cited no evidence to support his claim that Becher violated his rights.

Second, Robinson says that Becher and defense counsel are lying when they say that Becher doesn't work at Columbia Correctional Institution. But Robinson doesn't cite any contrary evidence. And Robinson doesn't dispute Becher's sworn statement that Becher wasn't involved in Robinson's medical care in September 2017. So regardless whether Becher is employed at the prison, he cannot be held liable for failing to provide Becher his asthma medication.

Third, Robinson asks for leave to amend his complaint so that he can pursue a claim against a nurse and the health services unit manager. But it is too late for Robinson to amend his complaint now. *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002) (a plaintiff "may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment"). This case has been proceeding for more than a year, so Robinson had plenty of time to conduct discovery to identify the proper defendant or defendants.

In any event, Robinson doesn't explain why he wants to sue the nurse and health services unit manager. He doesn't allege that either of them knew that he needed his asthma medication, had the ability to get it for him, and refused to do so. So even if his motion for leave to amend were timely, I would deny it as futile. *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008) (district court may deny leave to amend if amendment would not survive a motion to dismiss).

Because the undisputed facts show that Becher didn't violate Robinson's Eighth Amendment rights, I will deny Robinson's summary judgment motion and grant Becher's motion.

ORDER

IT IS ORDERED that:

1. Plaintiff Rick Tyrone Robinson's motion for summary judgment, Dkt. 54, is DENIED.

2. Defendant Lon Becher's motion for summary judgment, Dkt. 40, is GRANTED.

3. The clerk of court is directed to enter judgment in Becher's favor and close this case.

Entered May 20, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge